UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
-----------------------------------------------------------------------x

RFR HOLDING LLC and CENTURY 21 CHICAGO, LLC,

                                        Plaintiffs,              08 CV 1555

              -against-                                          Judge Andersen
                                                                Magistrate Judge Cole

PONTE GADEA FLORIDA, INC. and
CHICAGO MICHIGAN, LLC,

                                        Defendants.
-----------------------------------------------------------------------x

<u>AFFIDAVIT OF FRANK MANGIERI</u>

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK  )

       FRANK MANGIERI, being duly sworn, deposes and says:

       1.      I am the Executive Vice President and general counsel of plaintiff RFR Holding

LLC ("RFR Holding") and submit this affidavit in support of the motion by RFR Holding and

Century 21 Chicago, LLC ("Century 21 Chicago"; and together with RFR Holding collectively,

the "plaintiffs") for an order disqualifying the firm of Greenberg Traurig, LLP (the "Greenberg

firm") from representing defendants Ponte Gadea Florida, Inc. and Chicago Michigan, LLC (the

"defendants") in this action.

<u>Background of This Action</u>

       2.      Plaintiff Century 21 Chicago is a single purpose entity which was formed for the

sole purpose of acquiring title to 730 North Michigan Avenue (the "Property"). It has two

members: (i) R & F Michigan Ave LLC,  an affiliate of plaintiff RFR Holding which is a real

estate company, and (ii) GC 730 Michigan LLC, an affiliate of Century 21 Department Stores LLC which owns and operates a chain of department stores and a number of real estate assets.

3.     In the latter part of 2007, plaintiffs were engaged in discussions with the seller of the Property concerning Century 21 Chicago's purchase of the Property from the seller. At the same time, plaintiffs were exploring, among other things, the possibility of (a) bringing in other investors or sources of financing for the Property or, alternatively, (b) locating tenants or other parties who would be interested in acquiring an interest in the Property. In furtherance of such possibilities, defendant Ponte Gadea of Florida, Inc. ("Ponte Gadea") was contacted by a representative of plaintiffs as the result of which RFR Holding, on the one hand, on behalf of itself and its affiliates, and Ponte Gadea, on the other, on behalf of itself and its affiliates, entered into a written confidentiality agreement which provided in substance that plaintiffs would disclose information about the Property to Ponte Gadea and in exchange Ponte Gadea agreed, among other things, that it would not thereafter deal directly with the seller of the Property or otherwise use the information to the detriment of plaintiffs. In other words, plaintiffs wanted to ensure that, after plaintiffs disclosed various particulars respecting the Property, Ponte Gadea would not thereafter attempt to go behind plaintiffs' back and take the opportunity for itself.

4.     The complaint in this action, which was served in the latter part of March 2008, alleges that, among other things, Ponte Gadea, in violation of its obligations, did exactly what it promised it would not do. Specifically, it contacted the seller directly and, utilizing the confidential information which it had received, purchased the Property for itself, through Ponte Gadea's newly formed affiliate, defendant Chicago Michigan LLC. As a direct result of defendants' actions, plaintiffs suffered in excess of twenty-five million ($25,000,000) dollars in actual damages.

319642-2-W                              -2-

The Greenberg Firm's Knowing Violation of Its Actual Conflicts

5.      Shortly after the complaint was served, the Greenberg firm indicated that it intended to represent defendants in this action. As a result, by letter dated April 11, 2008, a copy of which is annexed hereto as Exhibit 1, our New York counsel (which has been admitted pro hac vice in this action) wrote to the Greenberg firm to advise it of the fact that the Greenberg firm was currently representing RFR Holding and an affiliate of Century 21 Chicago (i.e., Century 21 Department Stores LLC) in numerous matters throughout the country and, consequently, that it could not represent the defendants in this action where their interests are directly adverse to plaintiffs. Those matters included:

(a) The W Southbeach Project -- This is a large real estate project in Florida which includes the sale of condominium units pursuant to a condominium plan prepared by the Greenberg firm. As our counsel's letter explained, numerous lawyers from the Greenberg firm have been involved in this on-going project. Those lawyers have included Seann Frazier and Todd Sumner who are involved in EPA issues, Lucia Dougherty and Alfredo Gonzales who are involved in zoning issues, and Gary Saul who continues to be actively involved in the condominium work.

(b) The Miami Herald Property -- This is a large real estate project in Florida. Pedro Martin, Kerri Barsh, Lucia Dougherty, Paul Savage, Seth Entin, Jason Lourmiet, Brigid Cech Samole, and Maribel Nicholson are some of the Greenberg lawyers in the Miami office involved in the on-going work. In fact, as recently as May 27, 2008, an e-mail respecting this project was sent by Kerri Barsh of the Greenberg firm to me, and the work is plainly on-going.

(c) <u>New York City Labor Issues</u> -- In our counsel's letter, we explained that the lawyer who has long been representing RFR in numerous labor matters in New York City is Greenberg attorney Jerrold Goldberg.

(d) <u>87th Street Bayridge Brooklyn Project</u> -- As set forth in the accompanying affidavit of Zuri Sultan, our counsel's letter also pointed out that Greenberg attorney Jay Segal and Meloney McMurry have been representing Century 21 in connection with various on-going land use issues and, as recently as May 6 and 7, 2008, Ms. McMurry sent a series of e-mails to Mr. Sultan, one of the Century 21 principals, copies of which are annexed to Mr. Sultan's affidavit, and the work is plainly on-going.

6.      By letter dated April 25, 2008, a copy of which is attached hereto as Exhibit 2, the Greenberg firm stated that it was refusing to step aside. In an attempt to justify its position, the Greenberg firm made a variety of factual statements, nearly all of which are false. For example, among other things, the Greenberg firm made the blanket statement respecting the W Southbeach Project (See ¶5 (a) above) that the Greenberg firm "does not now and has never represented RFR Holding in any aspect of the W Southbeach Project." This statement was not only wrong but astonishing, given the fact that the Greenberg firm had addressed numerous bills respecting that project to its client, <u>RFR Holding</u>.  Attached hereto as Exhibit 3 are some of the substantial bills addressed to RFR Holding in connection with the W Southbeach Project. Moreover, although the Greenberg firm stated that they understood that Aby Rosen and Michael Fuchs -- the sole owners of RFR Holding -- had some small interest in the project, in point of fact, those individuals own a 60 percent interest in the <u>managing</u> member of the project. The Greenberg firm's extensive work in connection with that on-going project alone establishes the clear conflict that exists.

7.      In its April 25, 2008 letter, the Greenberg firm conceded that one of its attorneys, Jerrold Goldberg, does in fact have a current attorney client relationship respecting labor matters (See ¶5 (c) above) with RFR Realty, LLC, but contended that such representation does not constitute a conflict because, according to the Greenberg firm in its letter, "it appears clear that RFR Holding and RFR Realty are different legal entities with . . . different businesses, different addresses and different officers" and, accordingly, the representation of RFR Realty for conflict purposes is not the same as representing RFR Holding. Once again, however, the Greenberg firm was absolutely incorrect and the distinction it attempted to draw between these two closely held LLC's was meaningless. Specifically, RFR Holding is wholly owned by Aby Rosen and Michael Fuchs. RFR Holding, in turn, owns 99 percent of RFR Realty which acts as RFR Holding's agent. Contrary to the Greenberg firm's statement, they in fact occupy the same premises and have the identical control group. Both companies formerly occupied the premises at 400 Park Avenue in Manhattan.

8.      Not only was the position advanced in the Greenberg firm's April 25, 2008 letter therefore wholly inaccurate but its assertion was rather startling given the April 22, 2008 letter which was written to us by another Greenberg lawyer just three days earlier. In that April 22 letter, a copy of which is attached hereto as Exhibit 4, the Greenberg firm sought a conflict waiver. And significantly, although the letter sought a waiver due to the Greenberg firm's representation of RFR Realty, recognizing that it is owned and controlled by the same principals (Aby Rosen and Michael Fuchs) who own and control RFR Holding, the letter was addressed to Aby Rosen at RFR Holding. Significantly, the bills addressed by Jerrold Goldberg of the Greenberg firm to Walter Zimny of RFR Realty clearly reflect the communications which Mr. Goldberg had with me -- inasmuch as I serve as general counsel for both of the RFR entities.

See, e.g., the Greenberg firm's bill dated March 7, 2008, annexed hereto as Exhibit 5. Thus, the Greenberg firm's own communications belie the erroneous distinction it attempted to draw between the two RFR entities.

9.    In fact, the people to whom the Greenberg firm's lawyers report on the various matters in which they have been representing RFR Holding and its affiliates are the very decision makers (and in some instances witnesses) involved in this litigation. Nor is this surprising. As noted, RFR Holding is a closely held limited liability company and I am the general counsel. Indeed, I am a member of the small management group responsible for decisions on behalf of plaintiffs in this case and am one of the people with whom the Greenberg firm is communicating in connection with its various ongoing matters for RFR Holding and its affiliates. I am also one of the people to whom others in the RFR organization report who are dealing directly with the Greenberg firm on the matters in which it represents us. As a participant in the events giving rise to this lawsuit, I fully expect that I could be a witness in this litigation. Thus, absent disqualification, the Greenberg firm will be consulting with me respecting various matters it is handling for RFR Holding and its affiliates while simultaneously being adverse to our interests in this very lawsuit. As set forth in the accompanying affidavit of Ezra Sultan, the same situation exists with respect to Century 21 Department Stores LLC. Thus, the distinction which the Greenberg firm has attempted to draw is meritless.

10.    Nor were these the extent of the misstatements in the Greenberg firm's April 25, 2008 letter. With respect to the Miami Herald Property (see ¶5 (b) above), the Greenberg firm stated that "[i]f RFR is involved in the Miami Herald Project, it is at several levels removed from GT's representation" and that the Greenberg firm actually represents an entity called Citisquare Group, LLC. However, the Greenberg firm neglected to mention that Pedro Martin, who is of

counsel to the Greenberg firm, is intimately involved in that venture as one of its principals, and Mr. Martin is well aware that RFR's principals own a controlling interest in the co-managing member of Citisquare Group, LLC. As such, RFR Holding is hardly "several levels removed from GT's representation". Indeed, in the past, recognizing the involvement of RFR Holding, Mr. Martin specifically asked me to waive a conflict so as to permit the Greenberg firm to represent an interested party relating to that property in which the venture has an interest known as the "C" parcel. I acceded to that request in writing (see my e-mail to him attached hereto as Exhibit 6) again underscoring the Greenberg firm's intimate knowledge of RFR Holding's active participation (and therefore the need to request a waiver) with respect to that project. Moreover, as noted, as recently as May 27, 2008, Kerri Barsh of the Greenberg Firm sent an e-mail to me respecting the project in recognition of my and RFR's involvement therein.

11.    Finally, in its April 25, 2008 letter, the Greenberg firm conceded that it is currently performing work for Century 21 Department Stores LLC. As set forth in Mr. Sultan's accompanying affidavit, the personnel at Century 21 Department Stores LLC with whom lawyers at the Greenberg firm are currently dealing in the course of their representation are the identical individuals involved in this litigation.

12.    Aside from relying on the foregoing factual misstatements, in its April 25, 2008 letter, the Greenberg firm advanced one further "justification" for its not having to step aside in the litigation as counsel for defendants. Specifically, the Greenberg firm stated that plaintiffs knew that the Greenberg firm represented Ponte Gadea in the proposed real estate transaction between them and, yet, plaintiffs did not then seek the firm's disqualification. However, the fact that we did not object to the Greenberg firm's representation in connection with a transaction that appeared would be consensual can certainly not be deemed a consent that the Greenberg

firm could represent Ponte Gadea (and the other defendant) in the event that, as turned out to be the case, litigation between the Greenberg firm's two sets of clients later ensued. In fact, the Greenberg firm's reliance on the assertion of waiver was especially peculiar because for reasons best known to it, at a time that the Greenberg firm concededly was doing work for RFR Holding (as well as Century 21 Department Stores LLC), it _failed_ to ask for a waiver permitting it to represent Ponte Gadea in the transaction. We do not understand how, consistent with its ethical obligations, it could at that time have proceeded to represent Ponte Gadea in the real estate transaction _without_ having sought an express waiver from us and Century 21 Department Stores LLC.[1]  What can certainly not be disputed is that the Greenberg firm never sought, nor did RFR ever expressly or implied grant, a waiver of the conflict in the event of litigation involving Ponte Gadea. Given that the Greenberg firm's regular practice, apparently, as reflected by Exhibit 4, is to exclude future litigation when requesting an express waiver, it is ludicrous for that firm to suggest that an implied waiver could be broader.

13.    Finally, in its April 25, 2008 letter, the Greenberg firm stated that if plaintiffs had "additional facts that [plaintiffs] believe we should consider, we request that you inform us of them so we may further evaluate our position." Given this statement, coupled with the numerous misstatement of facts contained in its letter, our counsel again wrote to the Greenberg firm by letter dated May 2, 2008, a copy of which, without exhibits, is annexed hereto as Exhibit 7. In that letter, our counsel pointed out the Greenberg firm's numerous misstatements and again called on it to step aside. The Greenberg firm responded by letter dated May 16, 2008, a copy of

---

[1]  Indeed, the Greenberg firm's actions in connection with the Ponte Gadea representation are in sharp contrast with its usual procedures which, as evidenced by the attached April 22, 2008 letter (Exhibit 4), recognize the ethical requirement for obtaining a waiver from its client. And as part of those procedures, as evidenced by the April 22, 2008 letter, the Greenberg firm has expressly acknowledged that the waiver on the part of RFR "shall not extend to any litigation with respect to the Transaction which is adverse to RFR."

which is annexed hereto as Exhibit 8, in which, without addressing the facts, it adhered to its

refusal. This motion followed.

FRANK MANGIERI

Sworn to before me this
19th day of June, 2008

Notary Public

KATHERINE P. SMITH (Carpentier)
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01SM6137915 (0146137915)
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES DEC. 5, 20__

319642-2-W                          -9-

**EXHIBIT 1**

# KATSKY | KORINS LLP

**MEMBERS OF THE FIRM**

| | |
|---|---|
| ROBERT A. ABRAMS | NEIL S. MILLER |
| RANDOLPH AMENGUAL | STEVEN H. NEWMAN |
| DAVID L. KATSKY | STEPHEN J. SWIATKIEWICZ |
| ADRIENNE B. KOCH | MERYL LYNN UNGER |
| EUGENE V. KOKOT | MARCY L. WACHTEL |
| ROY M. KORINS | MARK WALFISH |
| DENNIS C. KRIEGER | JOEL S. WEISS |
| THOMAS M. LOPEZ | ELIAS M. ZUCKERMAN |
| GREGORY K. MARKS | |

WRITER'S DIRECT DIAL | 212.716.3207

WRITER'S DIRECT FAX | 212.716.3350

WRITER'S EMAIL | mwalfish@katskykorins.com

OUR REFERENCE |

April 11, 2008

**BY FEDEX**

Rita M. Alliss Powers, Esq.
Howard K. Jeruchimowitz, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601

> Re:   RFR Holding LLC and Century 21 Chicago, LLC v.
> Ponte Gadea Florida, Inc. and Chicago Michigan, LLC
> 08 CV 1555

Dear Ms. Powers and Mr. Jeruchimowitz:

We are co-counsel for RFR Holding LLC and Century 21 Chicago in the above case.
We are writing to formally request that, consistent with your firm's ethical obligations and the
Rules of the Court, you promptly withdraw from representing the defendants in this action. The
reason for the request, as detailed below, is that Greenberg Traurig, LLP is <u>currently</u> representing
both RFR Holding LLC and an affiliate of Century 21 in numerous matters throughout the
country and, consequently, it cannot represent the defendants in this action where their interests
are directly adverse to RFR and Century 21.

As you know, Local Rule 83.51.7 of the Local Rules of the United States District Court
for the Northern District of Illinois, the Court where the above action was recently commenced,
as well as Rule 1.7 of the Illinois Rule of Professional Conduct, provides that "A lawyer shall not
represent a client if the representation of that client will be directly adverse to another client,
unless: . . . each client consents after disclosure." As the Committee Comment to the Rule

# KATSKY | KORINS LLP

Rita M. Alliss Powers, Esq.
Howard K. Jeruchimowitz, Esq.
April 11, 2008
Page 2


makes clear: "As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without the client's consent. Section (a) expresses that general rule. Thus, a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated." Moreover, under Rule 1.10(a) of the Illinois Rules of Professional Conduct, "No lawyer associated with a firm shall represent a client when the lawyer knows or reasonably should know that another lawyer associated with the firm would be prohibited from doing so by Rule 1.7."

The case law of course is to the same effect. See, e.g., Ransburg Corp. v. Champion Spark Plug Co., 648 F.Supp. 1040, 1044 (N.D. Ill. 1986) ("The prohibition against . . . simultaneous representations even in unrelated matters is based on the fundamental concept that lawyers owe undivided loyalty to their clients"). As a result, "it is unethical conduct for an attorney to participate in any lawsuit against his own client without the knowledge and consent of all concerned". Id.

As you should be aware, Greenberg Traurig has recently represented and is currently actively representing both RFR and Century 21 in numerous matters around the country. Specifically:

    1.    The W Southbeach Project-- RFR has advised us that Greenberg Traurig lawyers are currently representing it in various different capacities with respect to this project: Seann Frazier and Todd Sumner have been involved in EPA issues, Lucia Dougherty and Alfredo Gonzales have been involved in zoning issues, and Gary Saul continues to be actively involved in the condominium work.

    2.    The Miami Herald Property -- Pedro Martin, Kerri Barsh, Lucia Dougherty, Paul Savage, Seth Entin, Jason Lourmiet, Brigid Cech Samole, and Maribel Nicholson are just some of the Greenberg lawyers in the Miami office involved in the on-going work. In fact, as recently as April 3, 2008, an e-mail respecting this project was sent by Kerri Barsh to Frank Mangieri, the RFR general counsel, and the work is plainly on-going.

    3.    Emerald Dunes Golf Course -- The lawyer involved in this on-going matter for RFR is David Layman.

    4.    New York City Labor Issues -- The lawyer who has long been representing RFR in numerous labor matters in New York is Jerold Goldberg.

    5.    87th Street Bayridge Brooklyn Project -- Jay Segal and Meloney McMurry have been representing Century 21 in connection with various on-going land use issues. In

# KATSKY | KORINS LLP

Rita M. Alliss Powers, Esq.
Howard K. Jeruchimowitz, Esq.
April 11, 2008
Page 3

fact, as recently as April 9, 2008, Ms. McMurry sent an e-mail to Zuri Sultan, one of the Century 21 principals, and the work is plainly on-going.

Two other matters should briefly be noted. First, to the extent that Greenberg Traurig is contemplating suddenly withdrawing from its multiple representations of RFR and Century 21, such withdrawals will not allow it to continue to represent defendants in this action. "The fact that a client terminates its relationship with a law firm after that law firm sues it is not surprising. . . . courts have found that status as a present or former client should be determined at the time the complaint is filed. . . . To hold otherwise would allow such unethical behavior to continue unrestricted because a law firm could always convert a present client to a former client merely by seeking to withdraw after suing a present client." Ransburg Corp., supra.

Second, the fact that in some instances, the Greenberg Traurig firm is representing affiliates of the plaintiffs in this action -- as opposed to those particular legal entities -- likewise is irrelevant under the circumstances present here. Specifically, although Illinois State Bar Association Advisory Opinion 95-15 (May 17, 1996) states that in some instances the representation of a corporation does not necessarily require withdrawal where a subsidiary is involved, one of the applicable exceptions to that maxim are, by that opinion's own terms, "situations where the client corporation and the subsidiary [or other constituent) in question have the same management group." See, e.g., Board of Managers of Eleventh Street Loftominium Association v. Wabash, 376 Ill. App. 3d 185 (1st Dist. 2007). See also, ABA Formal Opinion 95-390 (January 25, 1995)("the fact that a lawyer for a subsidiary was engaged by and reports to an officer or general counsel for its parent may support the inference that the corporate parent reasonably expects to be treated as a client").

In this instance, lest there be any misunderstanding, the very people to whom the Greenberg Traurig lawyers report on the various matters outlined earlier in this letter are the very decision makers (and in some instances witnesses) involved in this litigation. Nor is this surprising. RFR Holdings, LLC is a closely held limited liability company, the in-house general counsel of which is Frank Mangieri. Mr. Mangieri, together with Eric Carlson, the person at RFR with responsibility for acquisitions, are members of the small management group responsible for decisions on behalf of plaintiffs in this case and are two of the very people with whom Greenberg Traurig is communicating in connection with its various ongoing matters for RFR. In the same vein, Century 21 is a closely held corporation run by a small group, including Zuri Sultan and Raymond Gindi. Messrs. Sultan and Gindi are members of the small management group responsible for decisions on behalf of Century 21 Chicago in this case and they are two of the very people with whom Greenberg Traurig is communicating in connection with its ongoing matter for Century 21. Cf., Reuben H. Donnelley Corporation v. Sprint Publishing & Advertising, Inc., 1996 WL 99902 (N.D. Ill. 1996) (Andersen, J.) ("From the facts presented, it

# KATSKY | KORINS LLP

Rita M. Alliss Powers, Esq.
Howard K. Jeruchimowitz, Esq.
April 11, 2008
Page 4

does not appear that the same lawyers in the corporate parent's office are actively managing the Telephone Company's defense of this case and the unrelated United Telephone tax matters. The fact of active management is crucial because the core policy concern in conflict-of-interest law is the protection of client privacy [citation omitted]. The protection of privacy is far less implicated in a case like this, when different people in different places are intimately involved in the litigation"). Here, as noted, it is the same people in the same place for RFR and Century 21, respectively, that are intimately involved both with the litigation and with the other matters outlined above being handled by Greenberg Traurig for them and their affiliates. Thus, by any standard, a conflict exists and withdrawal is required.

*       *       *       *

Our clients believe that your refusal thus far to step aside stems from the fact that the defendants are substantial clients of Greenberg Traurig which, for obvious reasons, Greenberg Traurig does not want to "lose" to another firm. However, this does not justify Greenberg Traurig's breach of its ethical responsibilities, as well as the duties owed to its other current clients, RFR and Century 21. We hope that, on reflection, you will conclude that your attempt to continue to represent defendants in this matter is ill advised and, consistent with your obligations, will promptly withdraw from representing defendants in this case.

We assume you will be turning this letter over to your ethics committee for a review of the matters set forth herein. In all events, we look forward to receiving your written response within ten days of the date of this letter so that we can be guided as to whether we need to raise these matters directly with Judge Andersen.

Sincerely,

Mark Walfish

MW/lm

cc: Jocelyn Francoeur, Esq.

**EXHIBIT 2**

# Greenberg Traurig

Thomas E. Dutton
Tel. (312) 476-5057
Fax (312) 456-8435
duttont@gtlaw.com

April 25, 2008

**VIA E-MAIL**

Mark Walfish, Esq.
KATSKY KORINS LLP
605 Third Avenue
New York, NY 10158

Re:    *RFR Holding LLC, and Century 21 Chicago, LLC v. Ponte Gadea
Florida, Inc., and Chicago Michigan, LLC*, No. 08 CV 1555 (N.D.
Ill.)(the "Lawsuit")

Dear Mr. Walfish:

We write in response to your April 11, 2008 letter to Rita Powers and Howard
Jeruchimowitz regarding their representation of Ponte Gadea Florida, Inc., and Chicago
Michigan, LLC (together, "Ponte Gadea"), in the above-referenced Lawsuit filed by your
clients RFR Holding LLC ("RFR Holding"), and Century 21-Chicago, LLC ("Century 21
Chicago") (together, the "Plaintiffs"). Set out below are the reasons why Greenberg Traurig,
LLP ("GT"), need not, contrary to your assertions, withdraw from its representation of Ponte
Gadea.

Initially it is important to briefly review the history of the Plaintiffs' dealings with Ponte
Gadea and GT in this matter. In early November 2007, the Plaintiffs' broker solicited GT
Shareholder Izzy Alfonso to ask whether Ponte Gadea would be interested in buying from the
Plaintiffs the property known as 730 N. Michigan (the "Property"). The broker, who obviously
knew that Mr. Alfonso and GT represented Ponte Gadea, reached out directly to Mr. Alfonso
and GT to solicit Ponte Gadea's interest. Shortly thereafter the broker sent a confidentiality
agreement to Mr. Alfonso for Ponte Gadea's signature, and the agreement was signed and
returned that same day through Mr. Alfonso.

Throughout the rest of the month, Mr. Alfonso and GT were involved in every step of
the process as the parties began to exchange information about the Property and engage in
preliminary negotiations. Mr. Alfonso and GT: (i) were copied on all communications with
Ponte Gadea; (ii) participated in conference calls between the broker, Michael Fuchs, and Ponte
Gadea, during which calls Mr. Fuchs once remarked that he was aware of GT; (iii) received
information from counsel for the Plaintiffs in the course of due diligence, including the
Purchase and Sale Agreement between the Plaintiffs and J.P. Morgan; and (iv) were present

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

BRUSSELS*

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LONDON*

LOS ANGELES

MIAMI

MILAN*

NEW JERSEY

NEW YORK

ORANGE COUNTY

ORLANDO

PHILADELPHIA

PHOENIX

ROME*

SACRAMENTO

SILICON VALLEY

TALLAHASSEE

TAMPA

TOKYO*

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

ZURICH

Mark Walfish, Esq.
Page 2
April 25, 2008

---

when Ponte Gadea informed the broker that the Plaintiffs would need to obtain J.P. Morgan's assent to the assignment of the Purchase and Sale Agreement in light of the "anti-flip" clause and other issues that prevented the Plaintiffs from conveying the Property to Ponte Gadea under the terms of their Purchase and Sale Agreement. Thus, despite knowing that Mr. Alfonso and GT represented Ponte Gadea directly and despite knowing that Mr. Alfonso and GT were legally adverse to the Plaintiffs during negotiations for the sale of the Property, the Plaintiffs never asserted that GT had a client relationship with the Plaintiffs that created a legal conflict of interest.

Aside from this important background, your letter's assertion that GT "has represented and is <u>currently actively representing</u> both RFR and Century 21 in numerous matters around the country" is vague, misleading and incorrect. GT does not currently represent RFR Holding in any of the four matters set forth in your letter, and GT has never represented Century 21 Chicago.

1.    <u>The W Southbeach Project</u> -- GT does not now and has never represented RFR Holding in any aspect of the W Southbeach Project. To the contrary, GT represents an entity called 2201 Collins Fee, LLC,  which we understand to be held in some small amount at several levels removed by Mr. Fuchs and Aby Rosen. Further, GT's primary client contact on the W Southbeach Project has been either David Edelstein (or representatives of his entities) or representatives of The Related Companies, a GT client.

2.    <u>The Miami Herald Project</u> -- GT does not now and has never represented RFR Holding in any aspect of the project at The Miami Herald Property. To the contrary, GT represents an entity called Citisquare Group, LLC ("Citisquare Group"). If RFR Holding is involved in this project, it is at a level several levels removed from the GT representation of Citisquare Group.

3.    <u>Emerald Dunes Golf Course</u> -- GT does not now and has never represented RFR Holding in connection with any aspect of the project known as the Emerald Dunes Golf Course. To the contrary, GT was asked by its client Investcorp International, Inc., to perform legal services for this project. If RFR Holding is involved in this project, it is at a level several levels removed from the GT representation of Emerald Dunes Golf Course, LLC and Emerald Dunes Land, LLC.

4.    <u>New York City Labor Issues</u> -- Your assertion that GT, through Shareholder Jerrold Goldberg, has "long been representing RFR in numerous labor matters in New York" is obviously vague and we believe inaccurate. Significantly, at the time the Lawsuit was filed, GT was not performing any work for RFR Holding.

Mr. Goldberg does, however, have a attorney-client relationship, evidenced by an engagement letter, with RFR Realty, LLC ("RFR Realty"). Mr. Goldberg's primary contact in connection with this relationship is Walter Zimmy, who works at RFR Realty. Since the start of the engagement in 2000, the vast majority of Mr. Goldberg's work has come from RFR Realty, and all of the invoices for Mr. Goldberg's work have been sent to Mr. Zimmy at RFR

Mark Walfish, Esq.
Page 3
April 25, 2008

Realty. While we understand that RFR Realty is an affiliate of RFR Holding, it appears clear that RFR Holding and RFR Realty are different legal entities with, according to information on their respective web sites, different businesses, different addresses, and different officers.

During his relationship with RFR Realty, Mr. Goldberg, an employment-law attorney, has provided legal services on a "one-off" basis for RFR Holding on two or three occasions at the request of Frank Mangieri of RFR Holding. None of these matters are "substantially related" to the Lawsuit; rather, they involved labor matters relating to RFR Holding employees. Mr. Goldberg's most recent work at Mr. Mangieri's request (the DeSoto matter) began in January 2008 and concluded as of February 15, 2008.

5.    87th Street Bayridge Brooklyn Project -- The last of the matters listed in your letter relates to work that GT, through Shareholder Jay Segal, has and is performing for Century 21 Department Stores, LLC.  Mr. Segal's work involves land-use and zoning issues for Century 21 Department Stores' retail department stores in the New York City area.

In addition to analyzing the facts set forth above, we have also reviewed the legal authorities cited in your letter. Aside from the basic legal and ethical propositions with which we are familiar, it is clear that each case turns on its particular facts and that your assertions of a conflict here will be decided on the particular facts as well. The facts set forth above convince us that the conflict asserted by your letter does not exist or, if it did, was waived based on the conduct described at the start of this letter.

Under all of the facts and circumstances set forth above, we do not believe that GT is obligated to withdraw from its representation of Ponte Gadea in defense of the Plaintiffs' claims. Ponte Gadea has the right to counsel of its choosing and it has chosen GT, which handles the great majority of Ponte Gadea's legal work in the United States. Notwithstanding this belief, if you have additional facts that you believe we should consider, we request that you inform us of them so we may further evaluate our position.

Sincerely,

Thomas E. Dutton

TED/jmk

cc:    Rita M. Alliss Powers, Esq.
        Izzy Alfonso, Esq.

**EXHIBIT 3**

# Greenberg Traurig

Invoice No.: 2036374
File No. : 084220.010100
Bill Date : December 5, 2007

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York 10022

*Draw #17*

*(015020.122610.37350000*

*Legal - Zoning*

## INVOICE

Re: 2201 Collins Avenue Condo Sales and Contract Matters

Legal Services through November 30, 2007:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 2,199.50 |
| **Current Invoice:** | $ | 2,199.50 |
| Previous Balance (see attached statement): | $ | 31,531.77 |
| **Total Amount Due:** | $ | **33,731.27** |

*OK*

GAS:MO
Tax ID: 59-1270754

# Greenberg Traurig

Invoice No.:  2036374
File No.    :  084220.010100

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 07/26/06 | 1686462 | 5,510.00 | 0.00 | 0.00 | 5,510.00 |
| 03/28/07 | 1849114 | 13,989.30 | 0.00 | 0.00 | 13,989.30 |
| 09/26/07 | 1977604 | 3,145.00 | 10.36 | 0.00 | 3,155.36 |
| 10/16/07 | 1995593 | 2,202.50 | 0.00 | 0.00 | 2,202.50 |
| 11/09/07 | 2015141 | 6,425.00 | 249.61 | 0.00 | 6,674.61 |
| Totals: | | $ 31,271.80 | $ 259.97 | $ 0.00 | $ 31,531.77 |

GAS:MO
Tax ID: 59-1270754

| Invoice No.: | 2036374 | Page 1 |
| Re: | 2201 Collins Avenue Condo Sales and Contract Matters | |
| Matter No.: | 084220.010100 | |

## Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 11/02/07 | Staci J. Rutman | Draft addendums | 1.00 | 255.00 |
| 11/08/07 | Gary A. Saul | Drafting of addenda; telephone conference with Gia | 0.80 | 380.00 |
| 11/26/07 | Staci J. Rutman | Audit files | 4.00 | 1020.00 |
| 11/27/07 | Stephen J. Binhak | Seizure Matters: Review of file and call with prosecutor to discuss pending case and potential settlement options. | 0.70 | 346.50 |
| 11/28/07 | Stephen J. Binhak | Call with J. Mansfield regarding discussions with US Attorney's office and potential for settlement. | 0.40 | 198.00 |

| | Total Time: | 6.90 | |
| | Total Fees: | | $ 2,199.50 |

# Greenberg Traurig

Invoice No.:  2036374
File No.   :  084220.010100

┌─────────────────────────────────────┐
│         **REMITTANCE ADVICE**        │
└─────────────────────────────────────┘

<u>PLEASE RETURN WITH YOUR PAYMENT</u>

**CLIENT NAME:**       **RFR Holding**
**FILE NUMBER:**       **084220.010100**
**INVOICE NUMBER:**    **2036374***
**BILLING**
**PROFESSIONAL:**      **Gary A. Saul**

| | | |
|---|---|---:|
| Current Invoice: | $ | 2,199.50 |
| Previous Balance: | $ | 31,531.77 |
| **Total Amount Due:** | **$** | **33,731.27** |

**Payment Amount:**

FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

TO:              WACHOVIA BANK, N.A.
ABA #:           063000021
CREDIT TO:       GREENBERG TRAURIG DEPOSITORY ACCOUNT
ACCOUNT #:       2000014648663

**PLEASE**
**REFERENCE:**       **CLIENT NAME:**       **RFR HOLDING**
                     **FILE NUMBER:**       **084220.010100**
                     **INVOICE NUMBER:**    **2036374***
                     **BILLING**
                     **PROFESSIONAL:**      **Gary A. Saul**

Wire fees may be assessed by your bank.
* If paying more than one invoice, please reference all invoice numbers in wiring instructions.

GAS:MO
Tax ID: 59-1270754

# Greenberg Traurig

Invoice No. :  2015141
File No.       :  084220.010100
Bill Date      :  November 9, 2007

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York  10022

## INVOICE

Re:   2201 Collins Avenue Condo Sales and Contract Matters

Legal Services through November 6, 2007:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 6,425.00 |

Expenses:

| Information and Research | 249.61 | | |
|---|---|---|---|
| Total Expenses: | $ | 249.61 |
| **Current Invoice:** | **$** | **6,674.61** |
| Previous Balance (see attached statement): | $ | 24,857.16 |
| **Total Amount Due:** | **$** | **31,531.77** |

GAS:SC
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg Traurig

Invoice No. :   2015141
File No.    :   084220.010100

## Account Statement

| <u>Date</u> | <u>Invoice #</u> | <u>Fees Due</u> | <u>Expenses Due</u> | <u>Other Due</u> | <u>Total Due</u> |
|------|---------|---------|---------|---------|---------|
| 07/26/06 | 1686462 | 5,510.00 | 0.00 | 0.00 | 5,510.00 |
| 03/28/07 | 1849114 | 13,989.30 | 0.00 | 0.00 | 13,989.30 |
| 09/26/07 | 1977604 | 3,145.00 | 10.36 | 0.00 | 3,155.36 |
| 10/16/07 | 1995593 | 2,202.50 | 0.00 | 0.00 | 2,202.50 |
| | Totals:  $ | 24,846.80  $ | 10.36  $ | 0.00  $ | 24,857.16 |

GAS:SC
Tax ID: 59-1270754

| Invoice No.: | 2015141 | Page 1 |
| Re: | 2201 Collins Avenue Condo Sales and Contract Matters | |
| Matter No.: | 084220.010100 | |

## Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 10/01/07 | Staci J. Rutman | Draft two addendums | 2.00 | 510.00 |
| 10/02/07 | Stephen J. Binhak | Review of indictment and progress of forfeiture case and call to prosecutor. | 0.80 | 396.00 |
| 10/03/07 | Staci J. Rutman | Calls with client; review letter of credit; review broker registration | 2.50 | 637.50 |
| 10/04/07 | Staci J. Rutman | Draft agreement | 2.40 | 612.00 |
| 10/15/07 | Stephen J. Binhak | Review of docket sheet in forfeiture case. | 0.30 | 148.50 |
| 10/15/07 | Gary A. Saul | Review of Briggs amendment | 0.20 | 95.00 |
| 10/16/07 | Staci J. Rutman | Review addendums and letter | 1.00 | 255.00 |
| 10/16/07 | Gary A. Saul | Default issues; telephone conference with Cathy and Katy | 0.50 | 237.50 |
| 10/17/07 | Staci J. Rutman | Review and revise letter | 0.60 | 153.00 |
| 10/17/07 | Gary A. Saul | Telephone conference with Strafaci | 0.20 | 95.00 |
| 10/17/07 | Manuel R. Valcarcel | Conference call re: W. South Beach re: IVY TM for restaurants.  Discuss IVY TM. Conduct trademark search for same and review results. | 1.30 | 533.00 |
| 10/17/07 | Manuel R. Valcarcel | Prelim. TM search for "IVY," review results | 0.70 | 287.00 |
| 10/24/07 | Gary A. Saul | Review of contract matters | 0.40 | 190.00 |
| 10/25/07 | Gary A. Saul | Telephone conference with Cathy; response to Shahar RE: alternative assurances | 0.20 | 95.00 |
| 10/26/07 | Staci J. Rutman | Call with client regarding addendum; draft addendum | 1.10 | 280.50 |
| 10/26/07 | Gary A. Saul | Calls re: edwards contract; call with Stoka; call with Ben | 1.20 | 570.00 |
| 10/29/07 | Gary A. Saul | Review Briggs addendum; telephone conference with Katy; telephone conference with Jackie; review of Edwards issues | 1.00 | 475.00 |
| 10/30/07 | Gary A. Saul | Telephone conference with Simon; telephone conference with Jackie | 0.40 | 190.00 |
| 10/31/07 | Gary A. Saul | Calls with Simon re: Edwards; call with Mansfield | 0.60 | 285.00 |
| 11/01/07 | Gary A. Saul | telephone conference with Simon | 0.30 | 142.50 |
| 11/06/07 | Gary A. Saul | telephone conference with Jackie re: EDwards; telephone conference with M. Simon | 0.50 | 237.50 |

|  |  |  | Total Time: | 18.20 |
|  |  |  | Total Fees: | $ 6,425.00 |

# Greenberg Traurig

*Draw #15*
*Legal Zoning*
*1015020. 122610. 37350000 - 3155.36*

Invoice No. : 1977604
File No.   : 084220.010100

| REMITTANCE ADVICE |
|---|

## PLEASE RETURN WITH YOUR PAYMENT

**CLIENT NAME:**    RFR Holding
**FILE NUMBER:**    084220.010100
**INVOICE NUMBER:** 1977604*
**BILLING**
**PROFESSIONAL:**   Gary A. Saul

|  |  |  |
|---|---|---|
| Current Invoice: | $ | 3,155.36 |
| Previous Balance: | $ | 23,846.80 |
| **Total Amount Due:** | $ | **27,002.16** |
| **Payment Amount:** |  |  |

*OK*

## FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

**TO:**         WACHOVIA BANK, N.A.
**ABA #:**      063000021
**CREDIT TO:**  GREENBERG TRAURIG DEPOSITORY ACCOUNT
**ACCOUNT #:**  2000014648663

**PLEASE**
**REFERENCE:**    **CLIENT NAME:**      **RFR HOLDING**
                  **FILE NUMBER:**      **084220.010100**
                  **INVOICE NUMBER:**   **1977604***
                  **BILLING**
                  **PROFESSIONAL:**     **Gary A. Saul**

Wire fees may be assessed by your bank.
* If paying more than one invoice, please reference all invoice numbers in wiring instructions.

GAS:OL
Tax ID: 59-1270754

# Greenberg Traurig

Invoice No. : 1977604
File No.   : 084220.010100
Bill Date  : September 26, 2007

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York 10022

## <u>INVOICE</u>

Re:  2201 Collins Avenue Condo Sales and Contract Matters

<u>Legal Services through September 26, 2007</u>:

|  | | |
|---|---|---|
| Total Fees: | $ | 3,145.00 |

<u>Expenses</u>:

| | | | |
|---|---|---|---|
| Photocopy Charges | 3.75 | | |
| Postage | 6.61 | | |
| Total Expenses: | | $ | 10.36 |
| **Current Invoice:** | | **$** | **3,155.36** |
| Previous Balance (see attached statement): | | $ | 23,846.80 |
| **Total Amount Due:** | | **$** | **27,002.16** |

GAS:OL
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg Traurig

Invoice No. :    1977604
File No.     :    084220.010100

### Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|---------:|-------------:|----------:|----------:|
| 07/26/06 | 1686462 | 5,510.00 | 0.00 | 0.00 | 5,510.00 |
| 03/28/07 | 1849114 | 13,989.30 | 0.00 | 0.00 | 13,989.30 |
| 07/27/07 | 1936337 | 3,777.50 | 0.00 | 0.00 | 3,777.50 |
| 08/16/07 | 1951406 | 570.00 | 0.00 | 0.00 | 570.00 |
| Totals: | | $ 23,846.80 | $ 0.00 | $ 0.00 | $ 23,846.80 |

GAS:OL
Tax ID: 59-1270754

Invoice No.:        1977604                                                                    Page  1
Re:                 2201 Collins Avenue Condo Sales and Contract Matters
Matter No.:         084220.010100

### Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 08/08/07 | Staci J. Rutman | Draft addendums | 1.40 | 357.00 |
| 08/15/07 | Staci J. Rutman | Draft cancellation agreement | 1.00 | 255.00 |
| 08/16/07 | Staci J. Rutman | Draft agreement | 1.00 | 255.00 |
| 08/20/07 | Staci J. Rutman | Review addendum | 1.00 | 255.00 |
| 08/20/07 | Gary A. Saul | Review of Barroway contract | 0.60 | 285.00 |
| 08/23/07 | Staci J. Rutman | Review letter of credit | 0.50 | 127.50 |
| 08/24/07 | Staci J. Rutman | Call with attorney regarding addendum | 0.60 | 153.00 |
| 08/27/07 | Gary A. Saul | Telephone conference with Joseph; revision of Rental Management Agreement | 0.80 | 380.00 |
| 08/28/07 | Staci J. Rutman | Review addendum | 1.00 | 255.00 |
| 08/29/07 | Staci J. Rutman | Assist with sales/contract matters | 1.00 | 255.00 |
| 08/29/07 | Gary A. Saul | Negotiate Barroway contract; telephone conference with Joseph and Stoka | 0.50 | 237.50 |
| 08/30/07 | Gary A. Saul | Finalize Barroway contract | 0.30 | 142.50 |
| 09/20/07 | Noemi Romero | Initiated processing of audit request letter; conducted detail review of conflict and condensed matter reports; prepared attorney inquiry; all in connection to preparation of audit response letter to auditor. | 1.50 | 187.50 |

|  |  | Total Time: | 11.20 |  |
|  |  | Total Fees: |  | $ 3,145.00 |

# Greenberg Traurig

Invoice No. :   1951406
File No.      :   084220.010100
Bill Date     :   August 16, 2007

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York  10022

*Draw 13*
*1015020*
*87380000*

## INVOICE

Re:   2201 Collins Avenue Condo Sales and Contract Matters

Legal Services through August 15, 2007:

| | | |
|---|---|---:|
| Total Fees: | $ | 570.00 |
| **Current Invoice:** | **$** | **570.00** |
| | | |
| Previous Balance (see attached statement): | $ | 23,276.80 |
| **Total Amount Due:** | **$** | **23,846.80** |

*OK mq*

GAS:MO
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg Traurig

Invoice No.: 1951406
File No.   :  084220.010100

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 07/26/06 | 1686462 | 5,510.00 | 0.00 | 0.00 | 5,510.00 |
| 03/28/07 | 1849114 | 13,989.30 | 0.00 | 0.00 | 13,989.30 |
| 07/27/07 | 1936337 | 3,777.50 | 0.00 | 0.00 | 3,777.50 |
| Totals: | | $   23,276.80 | $   0.00 | $   0.00 | $   23,276.80 |

GAS:MO
Tax ID: 59-1270754

Invoice No.:        1951406                                                                    Page 1
Re:                 2201 Collins Avenue Condo Sales and Contract Matters
Matter No.:         084220.010100

## Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 07/27/07 | Gary A. Saul | Telephone conference with lender | 0.30 | 142.50 |
| 08/02/07 | Gary A. Saul | Telephone conference with Joseph re: out-of-state registrations | 0.30 | 142.50 |
| 08/03/07 | Gary A. Saul | Call with Strafaci; call with B. Joseph | 0.60 | 285.00 |

|  |  |  | Total Time: | 1.20 |  |
|--|--|--|-------------|------|--|
|  |  |  | Total Fees: |  | $ 570.00 |

# Greenberg
# Traurig

Invoice No. :   1977586
File No.    :   084220.010000
Bill Date   :   September 26, 2007

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York  10022

## INVOICE

Re:   South Beach Condominium Hotel  Documents

Legal Services through September 26, 2007:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 2,045.00 |
| **Current Invoice:** | **$** | **2,045.00** |
| Previous Balance (see attached statement): | $ | 3,399.32 |
| **Total Amount Due:** | **$** | **5,444.32** |

GAS:OL
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg Traurig

Invoice No. :   1977586
File No.    :   084220.010000

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 03/28/07 | 1849101 | 467.50 | 27.22 | 0.00 | 494.72 |
| 04/20/07 | 1866375 | 122.50 | 0.00 | 0.00 | 122.50 |
| 07/27/07 | 1936316 | 1,877.00 | 10.50 | 0.00 | 1,887.50 |
| 08/16/07 | 1951394 | 874.00 | 20.60 | 0.00 | 894.60 |
| Totals: | | $ 3,341.00 | $ 58.32 | $ 0.00 | $ 3,399.32 |

GAS:OL
Tax ID: 59-1270754

Invoice No.:      1977586                                                    Page  1
Re:               South Beach Condominium Hotel  Documents
Matter No.:       084220.010000

## Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|------------|-------------|-------|--------|
| 08/09/07 | Staci J. Rutman | Assist with contract matters | 1.50 | 382.50 |
| 08/23/07 | Gary A. Saul | Call with Joseph re: Barroway and rental agreement; revise rental agreement | 2.30 | 1092.50 |
| 09/07/07 | Gary A. Saul | Telephone conference with client re: revision of condominium documents; revision of condominium documents | 1.20 | 570.00 |

|  |  | Total Time: | 5.00 | |
|  |  | Total Fees: |  | $ 2,045.00 |

# Greenberg Traurig

*Draw 15*
*Legal Zoning*
*1015020. 122610. 37350000*
*- 1496.00*

| | |
|---|---|
| Invoice No. : | 1995574 |
| File No.    : | 084220.010000 |
| Bill Date  : | October 16, 2007 |

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York  10022

## INVOICE

Re:   South Beach Condominium Hotel  Documents

Legal Services through October 10, 2007:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 1,496.00 |
| **Current Invoice:** | **$** | **1,496.00** |
| Previous Balance (see attached statement): | $ | 2,662.22 |
| **Total Amount Due:** | **$** | **4,158.22** |

*OK*

GAS:SC
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg Traurig

Invoice No.:  1995574
File No.    :  084220.010000

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 03/28/07 | 1849101 | 467.50 | 27.22 | 0.00 | 494.72 |
| 04/20/07 | 1866375 | 122.50 | 0.00 | 0.00 | 122.50 |
| 09/26/07 | 1977586 | 2,045.00 | 0.00 | 0.00 | 2,045.00 |
| Totals: | | $ 2,635.00 | $ 27.22 | $ 0.00 | $ 2,662.22 |

GAS:SC
Tax ID: 59-1270754

Invoice No.:    1995574                                                    Page  1
Re:             South Beach Condominium Hotel  Documents
Matter No.:     084220.010000

## Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 09/25/07 | Staci J. Rutman | Call regarding amendments | 1.00 | 255.00 |
| 09/25/07 | Gary A. Saul | Telephone conference with client re: revision to condominium documents | 0.70 | 332.50 |
| 09/26/07 | Staci J. Rutman | Review LOCs and draft addendums | 1.20 | 306.00 |
| 09/26/07 | Gary A. Saul | Review of condominium documents | 0.60 | 285.00 |
| 09/27/07 | Staci J. Rutman | Review comments | 0.50 | 127.50 |
| 10/09/07 | Gary A. Saul | revision of condominium documents; telephone conference with Joseph | 0.40 | 190.00 |

|  | | Total Time: | 4.40 | |
|  | | Total Fees: | | $ 1,496.00 |

# Greenberg Traurig

*Praw 15 .*

*Legal Zoning*
*10150 20 . 12 26 10 . 87 35 0000*
*- 2202.50*

|  |  |  |
|---|---|---|
| Invoice No. | : | 1995593 |
| File No. | : | 084220.010100 |
| Bill Date | : | October 16, 2007 |

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York 10022

## <u>INVOICE</u>

Re:  2201 Collins Avenue Condo Sales and Contract Matters

<u>Legal Services through October 10, 2007</u>:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 2,202.50 |
| **Current Invoice:** | **$** | **2,202.50** |
| Previous Balance (see attached statement): | $ | 22,654.66 |
| **Total Amount Due:** | **$** | **24,857.16** |

*OK*

GAS:SC
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg Traurig

Invoice No. :  1995593
File No.    :  084220.010100

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|---------|--------------|-----------|-----------|
| 07/26/06 | 1686462 | 5,510.00 | 0.00 | 0.00 | 5,510.00 |
| 03/28/07 | 1849114 | 13,989.30 | 0.00 | 0.00 | 13,989.30 |
| 09/26/07 | 1977604 | 3,145.00 | 10.36 | 0.00 | 3,155.36 |
| Totals: | | $ 22,644.30 | $ 10.36 | $ 0.00 | $ 22,654.66 |

GAS:SC
Tax ID: 59-1270754

Invoice No.:     1995593                                                          Page 1
Re:              2201 Collins Avenue Condo Sales and Contract Matters
Matter No.:      084220.010100

## Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 09/20/07 | Staci J. Rutman | Draft letter regarding amendment proposal; call with buyer's atty | 1.00 | 255.00 |
| 09/28/07 | Gary A. Saul | Telephone conference with Mansfield | 0.20 | 95.00 |
| 10/01/07 | Gary A. Saul | review of LC's | 0.30 | 142.50 |
| 10/02/07 | Gary A. Saul | review of LC's and amendment | 0.50 | 237.50 |
| 10/03/07 | Gary A. Saul | telephone conference with LC's; drafting of brokers incentive program | 0.80 | 380.00 |
| 10/04/07 | Gary A. Saul | review of LC's; drafting of preferred broker bonus agreement; review of addendum | 1.60 | 760.00 |
| 10/05/07 | Gary A. Saul | telephone conference with Strafaci | 0.30 | 142.50 |
| 10/10/07 | Gary A. Saul | review of Briggs amendment | 0.40 | 190.00 |

Total Time:     5.10
Total Fees:             $ 2,202.50

# Greenberg Traurig

Invoice No.:  2036360
File No.    :  084220.010000
Bill Date   :  December 5, 2007

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York  10022

*Draw #17*

*Legal - Zoning*

*1015020 . 122610 . 37350000*

## INVOICE

Re:   South Beach Condominium Hotel  Documents

Legal Services through November 30, 2007:

|  | | |
|---|---|---|
| Total Fees: | $ | 1,140.00 |

Expenses:

| | | |
|---|---|---|
| Federal Express Charges | 19.38 | |
| Other Charges | 100.00 | |
| Total Expenses: | $ | 119.38 |
| **Current Invoice:** | **$** | **1,259.38** |
| Previous Balance (see attached statement): | $ | 4,255.72 |
| **Total Amount Due:** | **$** | **5,515.10** |

*OK*

GAS:MO
Tax ID: 59-1270754

# Greenberg Traurig

Invoice No. : 2036360
File No.   : 084220.010000

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 03/28/07 | 1849101 | 467.50 | 27.22 | 0.00 | 494.72 |
| 04/20/07 | 1866375 | 122.50 | 0.00 | 0.00 | 122.50 |
| 09/26/07 | 1977586 | 2,045.00 | 0.00 | 0.00 | 2,045.00 |
| 10/16/07 | 1995574 | 1,496.00 | 0.00 | 0.00 | 1,496.00 |
| 11/09/07 | 2015119 | 97.50 | 0.00 | 0.00 | 97.50 |
| Totals: | | $ 4,228.50 | $ 27.22 | $ 0.00 | $ 4,255.72 |

GAS:MO
Tax ID: 59-1270754

Invoice No.:      2036360                                                         Page 1
Re:               South Beach Condominium Hotel  Documents
Matter No.:       084220.010000

Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 11/12/07 | Gary A. Saul | Revision of condominium documents; file extension request with Division | 2.00 | 950.00 |
| 11/13/07 | Gary A. Saul | Telephone conference with Jackie and David re: revision of condominium documents | 0.40 | 190.00 |

Total Time:     2.40
Total Fees:                 $ 1,140.00

# Greenberg Traurig

Invoice No.: 2036360
File No. : 084220.010000

---
### REMITTANCE ADVICE
---

### PLEASE RETURN WITH YOUR PAYMENT

**CLIENT NAME:** **RFR Holding**
**FILE NUMBER:** **084220.010000**
**INVOICE NUMBER:** **2036360***
**BILLING**
**PROFESSIONAL:** **Gary A. Saul**

| | | |
|---|---|---|
| Current Invoice: | $ | 1,259.38 |
| Previous Balance: | $ | 4,255.72 |
| **Total Amount Due:** | **$** | **5,515.10** |
| **Payment Amount:** | | |

### FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

TO: WACHOVIA BANK, N.A.
ABA #: 063000021
CREDIT TO: GREENBERG TRAURIG DEPOSITORY ACCOUNT
ACCOUNT #: 2000014648663

**PLEASE**
**REFERENCE:** **CLIENT NAME:** **RFR HOLDING**
**FILE NUMBER:** **084220.010000**
**INVOICE NUMBER:** **2036360***
**BILLING**
**PROFESSIONAL:** **Gary A. Saul**

Wire fees may be assessed by your bank.
* If paying more than one invoice, please reference all invoice numbers in wiring instructions.

GAS:MO
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

*Draw #16.*
*legal - zoning*
*1015020. 122610. 37350000*
*97.50*

# Greenberg Traurig

Invoice No. :   2015119
File No.      :   084220.010000

---

### REMITTANCE ADVICE

---

PLEASE RETURN WITH YOUR PAYMENT

**CLIENT NAME:**       **RFR Holding**
**FILE NUMBER:**       **084220.010000**
**INVOICE NUMBER:**    **2015119***
**BILLING**
**PROFESSIONAL:**      **Gary A. Saul**

| | | |
|---|---|---|
| Current Invoice: | $ | 97.50 |
| Previous Balance: | $ | 4,158.22 |
| **Total Amount Due:** | $ | **4,255.72** |
| **Payment Amount:** | | |

*OR*
*MP*

FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

TO:              WACHOVIA BANK, N.A.
ABA #:           063000021
CREDIT TO:       GREENBERG TRAURIG DEPOSITORY ACCOUNT
ACCOUNT #:       2000014648663

**PLEASE**
**REFERENCE:**       **CLIENT NAME:**       **RFR HOLDING**
                     **FILE NUMBER:**       **084220.010000**
                     **INVOICE NUMBER:**    **2015119***
                     **BILLING**
                     **PROFESSIONAL:**      **Gary A. Saul**

Wire fees may be assessed by your bank.
* If paying more than one invoice, please reference all invoice numbers in wiring instructions.

GAS:SC
Tax ID: 59-1270754

---

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg Traurig

|  |  |  |
|---|---|---|
| Invoice No. : | 2015119 |
| File No. : | 084220.010000 |
| Bill Date : | November 9, 2007 |

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York  10022

## INVOICE

Re:   South Beach Condominium Hotel  Documents

Legal Services through November 6, 2007:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 97.50 |
| **Current Invoice:** | **$** | **97.50** |
| Previous Balance (see attached statement): | $ | 4,158.22 |
| **Total Amount Due:** | **$** | **4,255.72** |

GAS:SC
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg
# Traurig

Invoice No. :  2015119
File No.    :  084220.010000

### Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 03/28/07 | 1849101 | 467.50 | 27.22 | 0.00 | 494.72 |
| 04/20/07 | 1866375 | 122.50 | 0.00 | 0.00 | 122.50 |
| 09/26/07 | 1977586 | 2,045.00 | 0.00 | 0.00 | 2,045.00 |
| 10/16/07 | 1995574 | 1,496.00 | 0.00 | 0.00 | 1,496.00 |
| Totals: | | $ 4,131.00 | $ 27.22 | $ 0.00 | $ 4,158.22 |

GAS:SC
Tax ID: 59-1270754

Invoice No.:     2015119                                              Page  1
Re:              South Beach Condominium Hotel  Documents
Matter No.:      084220.010000

Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 10/03/07 | Meredith L. Singer | Assist with broker matters; Review broker registration | 0.30 | 97.50 |

|  |  |  | Total Time: | 0.30 |  |
|  |  |  | Total Fees: |  | $ 97.50 |

# Greenberg Traurig

Invoice No.:   1951394
File No.   :   084220.010000
Bill Date   :   August 16, 2007

RFR Holding
Attn: Shahar Perry
390 Park Avenue
3rd Floor
New York, New York 10022

*Draw 13
1018020
37380000*

## INVOICE

Re:   South Beach Condominium Hotel Documents

Legal Services through August 15, 2007:

| | | |
|---|---|---|
| Total Fees: | $ | 874.00 |

Expenses:

| | | | |
|---|---|---|---|
| Federal Express Charges | 19.39 | | |
| Photocopy Charges | 1.05 | | |
| Telephone Expenses | 0.16 | | |
| Total Expenses: | | $ | 20.60 |
| **Current Invoice:** | | **$** | **894.60** |
| Previous Balance (see attached statement): | | $ | 2,504.72 |
| **Total Amount Due:** | | **$** | **3,399.32** |

*Ok*

GAS:MO
Tax ID: 59-1270754

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, Florida 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# Greenberg
# Traurig

Invoice No.:   1951394
File No.    :   084220.010000

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 03/28/07 | 1849101 | 467.50 | 27.22 | 0.00 | 494.72 |
| 04/20/07 | 1866375 | 122.50 | 0.00 | 0.00 | 122.50 |
| 07/27/07 | 1936316 | 1,877.00 | 10.50 | 0.00 | 1,887.50 |
| Totals: | | $   2,467.00 | $   37.72 | $   0.00 | $   2,504.72 |

GAS:MO
Tax ID: 59-1270754

Invoice No.:       1951394                                                      Page  1
Re:                South Beach Condominium Hotel  Documents
Matter No.:        084220.010000

Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|-----------|-------------|-------|--------|
| 07/18/07 | Staci J. Rutman | Assist with contract matters | 1.30 | 331.50 |
| 07/18/07 | Meredith L. Singer | Assist with contract and sales matters | 0.50 | 162.50 |
| 08/01/07 | Gary A. Saul | Telephone conference with Joseph; revision of condominium documents | 0.80 | 380.00 |

|  |  | Total Time: | 2.60 |  |
|--|--|-------------|------|--|
|  |  | Total Fees: |  | $ 874.00 |

**EXHIBIT 4**

# Greenberg Traurig

Brian M. Cohen
Direct Dial: 212.801-9329
email: cohenb@gtlaw.com

As of April 22, 2008

375 Park Avenue L.P.
c/o RFR Holding LLC
390 Park Avenue, 3rd floor
New York, New York 10022
Attention: Mr. Aby Rosen

Re:     Conflict Waiver

Dear Mr. Rosen:

The principals of Bay Harbour Management, L.C. ("**BHM**") have asked our firm to represent BHM in connection with a lease demising certain space located at 375 Park Avenue, New York, New York, and other matters arising from or in connection with such lease, including, without limitation, any amendments, modifications and supplements to such lease (collectively, the "**Transaction**").

Our law firm has represented and continues to represent 375 Park Avenue L.P., a Delaware limited partnership ("**375 Park**") and certain of 375 Park's parent entities, principals and affiliates including, without limitation, RFR Realty LLC (collectively, "**RFR**") in various matters. We have also represented and continue to represent BHM and their affiliates and subsidiaries in a variety of matters unrelated to the Transaction.

Our firm's proposed representation of BHM in the Transaction raises a potential conflict of interest because BHM and RFR will be adverse to one another in the negotiation, documentation and closing of the Transaction. Under the applicable ethical rules we may be precluded from undertaking the proposed representation unless all affected clients waive the conflict of interest. Such a conflict of interest is waivable only if (i) the conflict is fully disclosed to the parties, (ii) our exercise of independent professional judgment in the proposed representation of one client will not be materially limited by our responsibilities to the other client, (iii) we reasonably believe that our representation will not be adversely affected by the conflict, and (iv) our representation does not violate any other ethical requirements, such as the attorney's duty of confidentiality to each client.

You should be aware that, in the course of a transaction such as the Transaction, there will inevitably arise a number of issues on which the interests of parties to the potential

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo Office/Strategic Alliance

375 Park Avenue, L.P.
As of April 22, 2008
Page 2 of 3

transaction will diverge. With respect to all such issues in this proposed representation, we will exercise our independent judgment in order to further the interests of BHM exclusively, and we will not represent the interests of RFR, which will be represented by separate counsel.

We have examined the proposed representation and we have concluded that our representation of BHM in the matter described above, which is unrelated to the firm's representation of RFR in other matters, will not be adversely affected by our representation of RFR nor will our duty of confidentiality to RFR be breached by our representation of BHM in the matter described above. Thus, in our opinion, the conflict of interest described above is waivable.

It is our understanding that RFR is willing to waive the conflict of interest and to consent to our firm's representation of BHM in the Transaction as well as all related matters to the Transaction, but such waiver by RFR shall not extend to any litigation with respect to the Transaction which is adverse to RFR. The waivers and agreements in this letter will continue in effect upon the termination of our representation of either client.

We request that you confirm to us the waiver and consent described above by signing and returning to us a counterpart of this letter.

Sincerely,

Brian M. Cohen

## CONSENT AND WAIVER

The undersigned has read the foregoing disclosure, acknowledges that it has been fully informed about the conflict of interest described above, waives the conflict of interest described above, and consents and agrees that Greenberg Traurig, LLP may represent BHM respect to the Transaction, but such waiver by RFR shall not extend to any litigation with respect to the Transaction which is adverse to RFR.

**Agreed to:**

**375 PARK AVENUE L.P.,**
a Delaware limited partnership

By:  **375 GP LLC,**
      a Delaware limited liability company


By: _____
       Name:
       Title:


**RFR Realty LLC**


By: _____
       Name:
       Title:


3

Greenberg Traurig, LLP

**EXHIBIT 5**

# Greenberg Traurig

Invoice No. :  2095931
File No.    :  041634.010100
Bill Date   :  March 7, 2008

RFR Realty LLC
400 Park Avenue
New York, New York  10022

Attn: Walter Zimmy

## INVOICE

Re:   Labor

<u>Legal Services through February 29, 2008</u>:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 568.00 |
| **Current Invoice:** | **$** | **568.00** |
| Previous Balance (see attached statement): | $ | 1,988.00 |
| **Total Amount Due:** | **$** | **2,556.00** |

JFG:JM
Tax ID: 13-3613083

Greenberg Traurig, LLP | Attorneys at Law | Met Life Building | 200 Park Avenue | New York, New York 10166
Tel 212.801.9200 | Fax 212.801.6400 | www.gtlaw.com

# Greenberg Traurig

Invoice No. :  2095931
File No.    :  041634.010100

**FOR YOUR CONVENIENCE,
WIRING INSTRUCTIONS FOR GT FIRM ACCOUNT
FOR FEES & COSTS ARE AS FOLLOWS:**

| | |
|---|---|
| TO: | CITIBANK, F.S.B. |
| ABA #: | 266086554 |
| INTERNATIONAL SWIFT: | CITIUS33 |
| CREDIT TO: | GREENBERG TRAURIG ACCOUNT |
| ACCOUNT #: | 3200175071 |

PLEASE
REFERENCE:

| | |
|---|---|
| **CLIENT NAME:** | **RFR REALTY LLC** |
| **FILE NUMBER:** | **041634.010100** |
| **INVOICE NUMBER:** | **2095931\*** |
| **BILLING PROFESSIONAL:** | **Jerrold F. Goldberg** |

Wire fees may be assessed by your bank.
\* If paying more than one invoice, please reference all invoice numbers in wiring instructions.

JFG:JM
Tax ID: 13-3613083

Greenberg Traurig, LLP | Attorneys at Law | Met Life Building | 200 Park Avenue | New York, New York 10166
Tel 212.801.9200 | Fax 212.801.6400 | www.gtlaw.com

# Greenberg
# Traurig

Invoice No.:  2095931
File No.   :  041634.010100

### Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 02/11/08 | 2078033 | 1,988.00 | 0.00 | 0.00 | 1,988.00 |
| | Totals: | $   1,988.00 | $   0.00 | $   0.00 | $   1,988.00 |

JFG:JM
Tax ID: 13-3613083

Invoice No.:     2095931                                              Page 1
Re:              Labor
Matter No.:      041634.010100

<u>Description of Professional Services Rendered:</u>

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>DESCRIPTION</u> | <u>HOURS</u> | <u>AMOUNT</u> |
|---|---|---|---|---|
| 02/01/08 | Jerrold F. Goldberg | Call Frank. Mangieri re DeSoto. | 0.20 | 142.00 |
| 02/04/08 | Jerrold F. Goldberg | Call, corresp. Frank Mangieri re DeSoto letter. | 0.40 | 284.00 |
| 02/08/08 | Jerrold F. Goldberg | Call Frank Mangieri re release. | 0.20 | 142.00 |
| | | <u>Total Time:</u> | 0.80 | |
| | | <u>Total Fees:</u> | | $ 568.00 |

**EXHIBIT 6**

**From:** Frank Mangieri
**Sent:** Monday, August 22, 2005 12:07 PM
**To:** 'Pedro A. Martin'; Edie Laquer
**Subject:** miami herald parcel "C"

We waive any conflict in Ricardo Fraga of Greenberg Traurig representing Paul Murphy in an acquisition or venture related to the "C" Parcel.  Of course we trust that Greenberg will maintain all of the usual internal controls to establish a "Chinese" wall to protect our interests.

Frank Mangieri
Executive Vice President
RFR Holding LLC
390 Park Avenue
New York, New York 10022
Phone: 212-308-1000
Fax: 212-308-5090

4/30/2008

**EXHIBIT 7**

# KATSKY | KORINS LLP

MEMBERS OF THE FIRM

ROBERT A. ABRAMS     NEIL S. MILLER
RANDOLPH AMENGUAL   STEVEN H. NEWMAN
DAVID L. KATSKY     STEPHEN J. SWIATKIEWICZ
ADRIENNE B. KOCH    MERYL LYNN UNGER
EUGENE V. KOKOT     MARCY L. WACHTEL
ROY M. KORINS       MARK WALFISH
DENNIS C. KRIEGER   JOEL S. WEISS
THOMAS M. LOPEZ     ELIAS M. ZUCKERMAN
GREGORY K. MARKS

WRITER'S DIRECT DIAL |   212.716.3207

WRITER'S DIRECT FAX |    212.716.3350

WRITER'S EMAIL |    mwalfish@katskykorins.com

OUR REFERENCE |

May 2, 2008

**BY E-MAIL AND FEDEX**

Thomas E. Dutton, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL  60601

      Re:    RFR Holding LLC and Century 21 Chicago, LLC v.
               Ponte Gadea Florida, Inc. and Chicago Michigan, LLC
               <u>08 CV 1555</u>

Dear Mr. Dutton:

      In your April 25, 2008 letter to me, you stated that if we had additional facts that we believed you should consider we should so advise you. Inasmuch as your letter contained a number of misstatements suggesting that you are unaware of the full extent of your firm's representation -- and, consequently, of the conflict in continuing to represent the defendants in this action -- I am bringing such additional matters to your attention.

      <u>First</u>, as a threshold matter, our client was astonished at the blanket statement in your letter that "GT does not now and has never represented RFR Holding in any aspect of the W Southbeach project". We don't know where you have been getting your information in making such categorical statements but attached for your review as Exhibit A are some of the substantial GT bills <u>addressed to RFR Holding in connection with the W Southbeach project</u>. Given that GT has repeatedly rendered bills respecting such project to its client, RFR Holding, and has repeatedly dealt with RFR personnel respecting that project, the information you received from your colleagues was obviously incorrect. Indeed, contrary to your suggestion that Aby Rosen and Michael Fuchs have "some small interest" in the project,  in point of fact, those individuals own

318531-2-W

# KATSKY | KORINS LLP

Thomas E. Dutton, Esq.
May 2, 2008
Page 2

a 60 percent interest in the managing member of the project. GT's extensive work in connection with that on-going project alone establishes the clear conflict that exists.

Second, although your letter concedes that GT has a current relationship with RFR Realty, LLC ("RFR "Realty"), you suggest that that entity has a different addresses, different officers, and the like from RFR Holding, LLC ("RFR Holding") and, accordingly, the representation of RFR Realty for conflict purposes is not the same as representing RFR Holding. In point of fact, you are totally incorrect and the distinction which you attempt to draw between these two closely held LLC's is meaningless. Specifically, RFR Holding is wholly owned by Aby Rosen and Michael Fuchs. RFR Holding, in turn, owns 99 percent of RFR Realty which acts as RFR Holding's agent. Contrary to your statement, they in fact occupy the identical premises and have the identical control group. Both companies formerly occupied the premises at 400 Park Avenue and both entities simultaneously moved their office to 390 Park Avenue. Not only is the position advanced in your letter therefore inaccurate but your assertion is rather startling given the letter received by our client just days ago, a copy of which is attached as Exhibit B, in which GT sought a conflict waiver. We note in particular that although the letter sought a waiver due to GT's representation of RFR Realty, recognizing that it is owned and controlled by the same principals (Aby Rosen and Michael Fuchs) who own and control RFR Holding, the letter was addressed to Aby Rosen at RFR Holding. We also note that the bills addressed by GT's Jerrold Goldberg to Walter Zimny of RFR Realty clearly reflect the communications which Mr. Goldberg had with Frank Mangieri -- general counsel for both of the RFR entities. See, e.g., the GT bill dated February 29, 2008, annexed hereto as Exhibit C. To state the obvious, GT's own communications belie the distinction you attempt to draw between the two RFR entities and, consequently, GT's current representation of RFR Realty in and of itself creates a conflict.

Third, the statement in your letter that "[i]f RFR is involved in the Miami Herald Project, it is at several levels removed from GT's representation" is disingenuous at best. As you undoubtedly are aware, Pedro Martin, who is of counsel to GT, is intimately involved in that venture as one of its principals, and Mr. Martin is well aware that our clients own a controlling interest in the co-managing member of Citisquare Group, LLC. As such, our clients are hardly "several levels removed from GT's representation". Indeed, in the past, recognizing the involvement of our clients, Mr. Martin specifically asked Frank Mangieri to waive a conflict so as to permit GT to represent a prospective purchaser relating to the "C" parcel of that venture. Mr. Mangieri acceded to that request in writing (see Exhibit D) again underscoring your firm's intimate knowledge of our client's active participation (and therefore the need to request a waiver) with respect to that project.

Fourth, you concede in your letter that Jay Segal is currently performing work for Century 21 Department Stores, LLC. As the complaint specifically alleges (at ¶5), one of the two

# KATSKY | KORINS LLP

Thomas E. Dutton, Esq.
May 2, 2008
Page 3

members of Century 21 Chicago, LLC is an affiliate of the Century 21 organization, a chain of
department stores. Your firm's current representation of Century 21 Department Stores, LLC
alone warrants disqualification since the Rules of Professional Conduct expressly preclude a law
firm from simultaneously (i) representing a client, and (ii) representing an adverse party in
litigation against such client without a waiver. Indeed, as we pointed out previously, the
personnel at Century 21 with whom lawyers at your firm are currently dealing in the course of
their representation are the identical individuals involved with the litigation at issue.

Finally, and at least as importantly, the fact that our clients may not have objected to
GT's representation of Ponte Gadea at the time it was interested in selling the property to it --
i.e., before litigation was brought -- is irrelevant because such an implied consent is not to be
deemed a waiver of the right to object to your representation once litigation ensues. Koehring
Company vs. Manitowoc Company, 418 F. Supp. 1133, 1138-39 (E.D. Wisc. 1976) ("The court
is of the opinion that the burden of obtaining and demonstrating a clear waiver of objection to
potential conflicts is properly upon counsel who seek to represent potentially adverse interests of
present or former clients. Under the facts of this case, the court finds that [the objecting client's]
consent to [the law firm's] representation of [its other client] for purposes of settlement
negotiations did not constitute a blanket waiver covering the possibility of litigation"). In fact,
we find your reliance on the assertion of waiver especially peculiar because for reasons best
known to GT, at a time that GT concededly was doing work for RFR Holding (as well as
Century 21), it failed to ask for a waiver permitting it to represent Ponte Gadea in the transaction.
We leave to GT to explain to the appropriate judicial or other body how, consistent with its
ethical obligations, it could at that time proceed to represent Ponte Gadea in the transaction
without having sought an express waiver from our clients. Indeed, GT's actions in connection
with the Ponte Gadea representation are in sharp contrast with its usual procedures which, as
evidenced by the attached April 22, 2008 letter (Exhibit B), recognize the ethical requirement for
obtaining a waiver from our client. And as part of those procedures, as evidenced by the April
22, 2008 letter, GT has expressly acknowledged that the waiver on the part of RFR "shall not
extend to any litigation with respect to the Transaction which is adverse to RFR." What can
certainly not be disputed is that GT never sought, nor did RFR ever expressly or implied grant, a
waiver of the conflict in the event of litigation involving Ponte Gadea. Given that GT's regular
practice is to exclude future litigation when requesting an express waiver, it is ludicrous for GT
to suggest that an implied waiver could be broader.

We respectfully suggest that any one of the above reasons would ordinarily cause any
firm to recognize the impropriety of continuing to represent defendants under these
circumstances. Taken together, we believe GT's attempt to rationalize such continuation is to
have blinders on respecting its obligations. We hope that on examination of the foregoing which
you were obviously unaware of at the time you wrote your April 25 letter, you will conclude that

# KATSKY | KORINS LLP

Thomas E. Dutton, Esq.
May 2, 2008
Page 4


GT's attempt to retain this case in light of the circumstances presented is ethically and legally indefensible.

I look forward to your prompt response so that we can be guided as to how next to proceed.

Sincerely,

Mark Walfish

MW/lm
cc: Jocelyn Francoeur, Esq.
    Rita M. Allis Powers, Esq.

318531-2-W

**EXHIBIT 8**

# Greenberg
# Traurig

Thomas E. Dutton
Tel. (312) 476-5057
Fax (312) 456-8435
duttont@gtlaw.com

May 16, 2008

**VIA E-MAIL**

Mark Walfish, Esq.
KATSKY KORINS LLP
605 Third Avenue
New York, NY 10158

Re:  *RFR Holding LLC, and Century 21 Chicago, LLC v. Ponte Gadea
Florida, Inc., and Chicago Michigan, LLC*, No. 08 CV 1555 (N.D.
Ill.)(the "Lawsuit")

Dear Mr. Walfish:

Thank you for your May 2, 2008 letter. We have carefully considered the information you passed along and still disagree that GT has a legal conflict in representing the defendants in the above-referenced lawsuit. Further, as you are aware, we have historically represented Ponte Gadea in connection with the transaction, which was at the initial request of your clients. As a result, we feel it is incumbent upon us to remain as defendants' counsel at this time.

Sincerely,

Thomas E. Dutton

TED/jmk

cc:  Rita M. Alliss Powers, Esq.
     Izzy Alfonso, Esq.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance