UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
-----------------------------------------------------------------------x
RFR HOLDING LLC and CENTURY 21 CHICAGO, LLC,

<table>
<tr><td>Plaintiffs,</td><td>08 CV 1555</td></tr>
<tr><td>-against-</td><td>Judge Andersen<br>Magistrate Judge Cole</td></tr>
</table>

PONTE GADEA FLORIDA, INC. and
CHICAGO MICHIGAN, LLC,

Defendants.
-----------------------------------------------------------------------x

### AFFIDAVIT OF EZRA SULTAN

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK  )

EZRA SULTAN, being duly sworn, deposes and says:

1.  I am the Chief Financial Officer of Century 21 Department Stores LLC and submit this affidavit in support of the motion by plaintiffs RFR Holding and Century 21 Chicago, LLC ("Century 21 Chicago"; and together with RFR Holding collectively, the "plaintiffs") for an order disqualifying the firm of Greenberg Traurig, LLP (the "Greenberg firm") from representing defendants Ponte Gadea Florida, Inc. and Chicago Michigan, LLC (the "defendants") in this action. As detailed below (a) the Greenberg firm concedes that it is currently representing Century 21 Department Stores LLC ("Century 21 Department Stores"); (b) the Greenberg firm's current representation of Century 21 Department Stores precludes it from representing defendants in this action, given the close relationship of our affiliate whose interests are directly adverse to defendants; and (c) when this litigation was initiated the Greenberg firm asked us to

320167-1-W

waive the existing conflict. Although we specifically refused, the Greenberg firm nevertheless proceeded in this action to represent defendants -- parties directly adverse to our interests.

2.   Specifically, as expressly conceded by the Greenberg Firm in its April 25, 2008 letter (Mangieri Aff. Ex. 2), the Greenberg firm is <u>currently</u> performing land-use and zoning issues for Century 21 Department Stores respecting its 87th Street Bayridge Brooklyn Project. The individuals at the Greenberg firm currently representing our interests are Jay Segal and Meloney McMurry.  In fact, as recently as May 6 and 7, 2008, Ms. McMurry sent e-mails to me, copies of which are annexed hereto as Exhibit 1, and the work is plainly on-going.   The Greenberg firm's client, Century 21 Department Stores, is a family owned limited liability company run by a small group, including myself and Raymond Gindi. Consistent with the concentrated decision making in our company, we are two of the people with whom the Greenberg firm has been communicating respecting its on-going representation of us.

3.   As set forth in Mr. Mangieri's affidavit, one of our affiliates is one of the two members of Century 21 Chicago. In fact, that affiliate, GC 730 Michigan LLC, is a single purpose entity which was formed expressly for the purpose of acting as a 50 percent member of Century 21 Chicago. Given the nature of that entity, it shares the same office, principals, and decision makers as Century 21 Department Stores.

4.   Moreover, Mr. Gindi and I were two of the primary decision makers on behalf of plaintiffs respecting the events giving rise to this lawsuit. Consequently, a substantial possibility exists that Mr. Gindi and I -- the same individuals responsible for the matters that the Greenberg firm is handling on our behalf -- will also be witnesses in this lawsuit.

5.   Finally, at the time this litigation was initiated, Jay Segal of the Greenberg firm called me to ask whether we would waive the conflict so as to permit the Greenberg firm to represent

defendants herein.  In response to his inquiry, I refused to waive this conflict.  Despite our

refusal, the Greenberg nevertheless went ahead and appeared for defendants.

6.  In addition to such refusal, at no time did Century 21 Department Stores or any of its

affiliates consent to a waiver allowing the Greenberg firm to represent defendants in this

litigation.

_____
EZRA SULTAN

Sworn to before me this
_____ day of June, 2008

_____
Notary Public

JOYCE FOX
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FO6154488
Qualified in Nassau County
My Commission Expires October 28, 2016

320167-1-W                                  3

**EXHIBIT 1**

-----Original Message-----
**From:** McMurryM@gtlaw.com [mailto:McMurryM@gtlaw.com]
**Sent:** Wednesday, May 07, 2008 4:46 PM
**To:** Sultan, Zuri; Cohen, Betty; Gindi, Raymond
**Cc:** SEGALJ@gtlaw.com
**Subject:** RE: see below

Assuming we are not required to change the ownership structure, merging the tax lots would only take one or two days, and so would be the quickest way to resolve the situation. We have asked an expert on the issue whether the tax lots can be merged even if they remain under separate ownership, and he promised to get back to us quickly.

As we discussed previously, the deed restriction process still involves changing the ownership structure of the property by creating a condominium or shopowners association, and then drafting and negotiating a number of documents with DEP which would need to be executed by the association. We believe this process would take a few months to complete, which is why we are trying to avoid it.

Regards,
Meloney

---

**From:** Sultan, Zuri [mailto:zsultan@c21stores.com]
**Sent:** Wednesday, May 07, 2008 9:21 AM
**To:** McMurry, Meloney (Assoc-NY-RE); Cohen, Betty; Gindi, Raymond
**Cc:** Segal, Jay A. (Shld-NY-RE)
**Subject:** RE: see below
**Importance:** High

Lets just do this  NOW!
The tax lot merger stinks
This is taking entirely too long

-----Original Message-----
**From:** McMurryM@gtlaw.com [mailto:McMurryM@gtlaw.com]
**Sent:** Wednesday, May 07, 2008 8:51 AM
**To:** Cohen, Betty; Sultan, Zuri; Gindi, Raymond
**Cc:** SEGALJ@gtlaw.com
**Subject:** RE: see below


Attached is the form of deed restriction DEP is requesting. This was sent to us by Tim Langan, via Dave Demico.

---

**From:** Cohen, Betty [mailto:bcohen@c21stores.com]
**Sent:** Tuesday, May 06, 2008 5:23 PM
**To:** McMurry, Meloney (Assoc-NY-RE); Sultan, Zuri; Gindi, Raymond
**Cc:** Segal, Jay A. (Shld-NY-RE)
**Subject:** RE: see below
**Importance:** High

Meloney,  can you please email me the document (deed restriction) they want us to sign. Thanks,  betty

**From:** McMurryM@gtlaw.com [mailto:McMurryM@gtlaw.com]
**Sent:** Tuesday, May 06, 2008 12:26 PM
**To:** Sultan, Zuri; Cohen, Betty; Gindi, Raymond
**Cc:** SEGALJ@gtlaw.com
**Subject:** RE: see below

I do not know what is required for the tax lot merger filing.  I believe Stu Berger is the best person to ask. When I spoke to him a few weeks ago he said preparing the documents would not take very long.

**From:** Sultan, Zuri [mailto:zsultan@c21stores.com]
**Sent:** Tuesday, May 06, 2008 12:15 PM
**To:** McMurry, Meloney (Assoc-NY-RE); Cohen, Betty; Gindi, Raymond
**Cc:** Segal, Jay A. (Shld-NY-RE)
**Subject:** RE: see below

Do we need to create deeds and move title to the properties?

> -----Original Message-----
> **From:** McMurryM@gtlaw.com [mailto:McMurryM@gtlaw.com]
> **Sent:** Tuesday, May 06, 2008 11:55 AM
> **To:** Sultan, Zuri; Cohen, Betty; Gindi, Raymond
> **Cc:** SEGALJ@gtlaw.com
> **Subject:** RE: see below
>
> When new tax lots are created, the first step in the process is to obtain "tentative" tax lot numbers from DOB.  This can be done relatively quickly through a single page filing at the Dept. of Finance.  These then become "permanent" tax lot numbers when the City's official tax map is updated to reflect the new (i.e. merged) tax lot.  Since the Dept of Finance may take a few weeks to update the official tax map, DOB will accept filings reflecting the tentative tax map and numbers in the meantime in order to process permits, etc..