IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RFR HOLDING LLC and ) <br> CENTURY 21 CHICAGO, LLC ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PONTE GADEA FLORIDA, INC. and ) <br> CHICAGO MICHIGAN, LLC, ) <br> ) <br> Defendants. ) | No. 08CV1555 <br><br> Judge Wayne R. Andersen <br><br> Magistrate Judge Jeffrey Cole |

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

Defendants, Ponte Gadea Florida, Inc. ("Ponte Gadea") and Chicago Michigan, LLC ("Chicago Michigan"), by their undersigned attorneys, hereby move this Court to dismiss with prejudice the Amended Complaint filed by Plaintiffs RFR Holding LLC ("RFR Holding") and Century 21 Chicago, LLC ("Century 21 Chicago"), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

This case pits an original, but unsuccessful, contract purchaser of certain retail property ("Property"), Plaintiff Century 21 Chicago,[1] against the subsequent, and successful, contract purchaser of the Property, Defendant Chicago Michigan.[2] When Century 21 Chicago contracted with 730 North Michigan Avenue, LLC ("Seller") to purchase the Property, it agreed that neither it, nor its representatives (*i.e.*, RFR Holding), would share any confidential information about the Property with anyone else or "market or offer the Property for sale." Yet, that is exactly what Century 21 Chicago and RFR Holding did. They shared confidential information about the

---

[1] Plaintiffs describe the other Plaintiff, RFR Holding LLC, as "an affiliate of one of the two members of Century 21 Chicago." (Am. Compl., ¶ 3).
[2] Plaintiffs describe Defendant Chicago Michigan, LLC as "an affiliate of " the other Defendant, Ponte Gadea Florida, Inc. (Am. Compl., ¶ 8).

Property with, and marketed the Property to, Defendant Ponte Gadea "and its affiliates" (*i.e.*, Chicago Michigan). In so doing, RFR Holding required Ponte Gadea to enter into a letter agreement ("Confidentiality Agreement") that, in turn, forbid Ponte Gadea and its affiliates from sharing the confidential information about the Property. It also forbid Ponte Gadea and its affiliates from discussing the Property with the Seller. *After* Century 21 Chicago terminated its contract with the Seller, Ponte Gadea did discuss the Property with Seller and, eventually, Chicago Michigan purchased the Property. Plaintiffs now sue Defendants for breach of the Confidentiality Agreement and for tortious interference with Plaintiffs' purported prospective economic advantage. Neither claim can stand, as a matter of law. As an alternative to their breach contract claim, Plaintiffs add a claim against Defendants for unjust enrichment, but that claim fails as well.

Plaintiffs' claim for breach of the Confidentiality Agreement (Count I) fails first and foremost because the agreement is void. Plaintiffs had no ability to share confidential information about the Property or try to sell the Property to Defendants. Doing so was a clear breach of Plaintiffs' own original Contract of Sale with Seller. The law does not allow Plaintiffs to enforce the Confidentiality Agreement under such circumstances. Moreover, even if Plaintiffs could have entered the Confidentiality Agreement, the sweeping, unlimited prohibition on Defendants' ability to discuss the Property with the Seller is void. And, even if the prohibition were enforceable, it was expired and Defendants' compliance with it was excused once Plaintiffs terminated their contract with Seller and no longer had a contractual right to buy the Property.

Plaintiffs' tortious interference claim (Count II) fails for three independent reasons. First, the claim is duplicative of Plaintiffs' attempted breach of contract claim. Second, tortious interference with prospective economic advantage cannot lie against Defendants because they

are not strangers to the business relations that existed between Plaintiffs and Seller, as required. Third, Plaintiffs fail to sufficiently allege certain necessary elements of such a claim, including a reasonable expectancy of entering into a future business relationship with Seller.

Finally, Plaintiffs' have not, and cannot, make out an unjust enrichment claim under the allegations of their Amended Complaint. They had no entitlement to make a profit "flipping" the Property to Defendants as a matter of law.

In support of this Motion, Defendants incorporate by reference their Memorandum of Law in Support of Defendants' 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint, filed concurrently herewith.

WHEREFORE, for the reasons stated herein and in Defendants' incorporated Memorandum of Law in Support, Defendants Ponte Gadea Florida, Inc. and Chicago Michigan, LLC respectfully request that this Court enter an Order: (a) dismissing Plaintiffs' Amended Complaint in its entirety with prejudice; and (b) awarding Defendants all such other and further relief as the Court deems just and proper.

Dated: July 21, 2008

PONTE GADEA FLORIDA, INC. and
CHICAGO MICHIGAN, LLC

By:  /s/ Rita M. Alliss Powers
     One of Their Attorneys

Rita M. Alliss Powers, Esq.
Howard K. Jeruchimowitz, Esq.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 456-8400

Hillarie Bass, Esq. (admitted *pro hac vice*)
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, FL 33131