IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RFR HOLDING LLC and<br>CENTURY 21 CHICAGO, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>PONTE GADEA FLORIDA, INC. and<br>CHICAGO MICHIGAN, LLC<br><br>    Defendants. | Case No. 08 CV 1555<br><br>Hon. Wayne R. Andersen<br><br>Magistrate Judge Cole |

### AFFIDAVIT OF ISRAEL L. ALFONSO

I, Israel L. Alfonso, being first duly sworn under oath, deposes and states:

1. I am over the age of 21 and reside in Coral Gables, Florida.

2. I have personal knowledge of all of the facts set forth in this Affidavit and would be competent to testify thereto if called upon to do so as a witness.

3. I am a Shareholder in Greenberg Traurig, LLP's ("GT") Miami Office.

4. In early November 2007, aware that I represent Ponte Gadea, the Plaintiffs' broker contacted me to gauge Ponte Gadea's interest in buying the property at 730 N. Michigan (the "Property") from Plaintiffs.

5. Shortly thereafter, on November 9, 2007, Plaintiffs' broker sent me a confidentiality agreement for Ponte Gadea's signature. This confidentiality agreement required Ponte Gadea to refrain from discussing the Property with its then current owner.

6. Ponte Gadea executed the confidentiality agreement the same day and I returned it to the broker.

7. Over the next three weeks, the parties exchanged information and began to negotiate the purchase of the Property by Ponte Gadea.

8. Throughout this process, I was copied on communications with Ponte Gadea and participated in conference calls with Ponte Gadea, the broker, and Michael Fuchs, one of the principals for RFR Holding.

9. At no point during the negotiations, did I or other GT attorneys correspond or communicate with Frank Mangieri or Ezra Sultan.

10. During the negotiations, I also received extensive due diligence information from Plaintiffs' counsel, including a copy of the Contract of Sale between Century 21 Chicago, LLC (one of the named Plaintiffs) and 730 N. Michigan Avenue, L.L.C., c/o J.P. Morgan Investment Management, Inc.

11. The Contract of Sale contained a provision that prevented Plaintiffs, without the owner's prior approval, from (i) disclosing any of the terms, conditions, status of or other facts with respect to the Contract of Sale and (ii) marketing or offering the Property for sale.

12. In light of the foregoing provision, I was present when Ponte Gadea informed the broker that (i) Ponte Gadea did not feel comfortable that Plaintiffs were violating the Contract of Sale with the seller and (ii) Plaintiffs needed to obtain the owner's prior approval before going forward.

13. Ponte Gadea was never informed by Plaintiffs or the broker that the owner's prior approval had been obtained.

14. On December 27, 2007, Ponte Gadea purchased the Property from 730 N. Michigan Avenue, L.L.C., c/o J.P. Morgan Investment Management, Inc.

Further Affiant Sayeth Not.

SUBSCRIBED AND SWORN TO BEFORE ME
this 31st day of July 2008.

NOTARY PUBLIC

BEATRIZ GUILARTE
Notary Public - State of Florida
My Commission Expires Mar 13, 2011
Commission # DD 650317
Bonded Through National Notary Assn.