IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RFR HOLDING LLC and,<br>CENTURY 21 CHICAGO, LLC<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>PONTE GADEA FLORIDA, INC. and<br>CHICAGO MICHIGAN, LLC,<br><br>　　　Defendants. | No.　08 CV 1555<br><br>Hon. Wayne R. Andersen<br><br>Magistrate Judge Cole |

### REPLY AFFIDAVIT OF FRANK MANGIERI

STATE OF NEW YORK　)
　　　　　　　　　　: ss.:
COUNTY OF NEW YORK　)

　　FRANK MANGIERI, being duly sworn, deposes and says:

　　1.　I am the Executive Vice President and general counsel of plaintiff RFR Holding LLC ("RFR Holding") and submit this reply affidavit in further support of the motion by RFR Holding and Century 21 Chicago, LLC ("Century 21 Chicago"; and together with RFR Holding collectively, the "plaintiffs") for an order disqualifying the firm of Greenberg Traurig, LLP (the "Greenberg firm") from representing defendants Ponte Gadea Florida, Inc. and Chicago Michigan, LLC (the "defendants") in this action.

　　2.　This reply affidavit is submitted for the limited purpose of (i) placing before the Court a document received by me from the Greenberg firm subsequent to the filing of my moving affidavit; and (ii) responding to various unsworn statements contained in the Greenberg firm's memorandum of law in opposition which are simply incorrect.

323609-1-W

3.  First, in my moving affidavit I explained that the Greenberg firm was representing my company's interests respecting the Miami Herald Property and I identified the various attorneys at the Greenberg firm involved on our behalf. One of those lawyers at the Greenberg firm that I identified is Kerri Barsh and as I explained in my moving affidavit (¶3(b)), as recently as May 27, 2008, Ms. Barsh had sent me an e-mail respecting this project and the work is plainly on-going. Not only did neither Ms. Barsh nor any other lawyer from the Greenberg firm submit an affidavit refuting these facts, but <u>after</u> the Greenberg firm filed its opposition papers to this motion, Ms. Barsh continued to communicate with me respecting this project. Specifically, attached as Exhibit 1 is an e-mail which Ms. Barsh sent to me on August 7, 2008 in connection with her representation of our interests in this project.

4.  In its unsworn memorandum in opposition (at 14) -- but with no affidavit to this effect -- the Greenberg firm blithely states that "different in-house counsel [are] managing the different matters on behalf of Plaintiffs' affiliates than are managing this case on Plaintiffs' behalf". This statement is false. I am the general counsel of RFR Holding; RFR Realty does not have separate general counsel. Consequently, I am the person who is responsible for managing the various matters for RFR Holding and its affiliates where the Greenberg firm is representing our interests (see, e.g., the e-mail from Kerri Barsh referenced in paragraph 3 above) <u>and</u> I am the person managing <u>this</u> litigation on behalf of RFR. In a similar vein, in an unsworn statement in its memorandum in opposition (at 13), the Greenberg firm suggests that the management group for RFR Holding is totally different from RFR Realty. Once again, this is untrue. As set forth in my moving affidavit, RFR Holding owns 99 percent of RFR Realty and the two companies -- which operate out of the same office -- have the same control group, the same general counsel and much of the same senior management team.

_____
FRANK MANGIERI

Sworn to before me this
19th day of August, 2008

_____
Notary Public

KATHERINE P. SMITH (Carpenter)
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01SM6137915 (01CA6137915)
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES DEC. 5, 2009

**Exhibit 1 to Mangieri Reply Affidavit**

Case 1:08-cv-01555 Document 47-2 Filed 08/22/2008 Page 1 of 5

**From:** BarshK@gtlaw.com [mailto:BarshK@gtlaw.com]
**Sent:** Thursday, August 07, 2008 3:51 AM
**To:** MartinP@gtlaw.com; dmartin@terradevelopers.com; Frank Mangieri; mechajo@friedfrank.com; schwari@friedfrank.com; cclevenger@eeandg.com
**Subject:** FW: McClatchy Property/ DERM's July 25th Response to May 27th EE&G Submittal

Dear All,

I am forwarding to you my email (below) to Mike Goldstein, Mark Siffin and Phil Nicely in which I advise them of our intended response to the letter from DERM, and the interim steps underway to facilitate the work. Once Craig's proposal for the proposed work is reviewed and finalized, I intend to share it, less the cost- related portions, with Leigh Fletcher.

All for now and best wishes,
    Kerri

---

**From:** Barsh, Kerri (Shld-Mia-Env)
**Sent:** Thursday, August 07, 2008 3:42 AM
**To:** 'michael.goldstein@akerman.com'
**Cc:** 'siffin@aol.com'; 'pnicely@boselaw.com'
**Subject:** FW: McClatchy Property/ DERM's July 25th Response to May 27th EE&G Submittal

Hi Michael,

Craig Clevenger of EE&G is preparing a proposal for the work to be conducted (confirmatory surficial soil sampling) in response to the attached letter from DERM, which I will distribute to you, Mark and Phil upon receipt, for review and comment. The proposal is expected to be concluded by the end of the week or early next week.

8/7/2008

Craig estimates that the work will require 20 days to complete from the date of authorization, which is well within the 60-day time frame set forth in the DERM letter. If there are other time constraints at issue in connection with this response, please advise us.

All the best, Kerri

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

8/7/2008



**MIAMI-DADE COUNTY**

Carlos Alvarez, Mayor

**Environmental Resources Management**
Pollution Control Division
701 NW 1st Court • 4th Floor
Miami, Florida 33136-3912
T 305-372-6700 F 305-372-6729

miamidade.gov

July 25, 2008

Larry Marbert
VP Production and Facilities
Knight Ridder
One Herald Plaza, 6th Floor
Miami, Florida 33132

CERTIFIED MAIL NO. 70071490000380813557
RETURN RECEIPT REQUESTED

P.A. Ridder
Miami Herald Publishing Company
50 W San Fernando Street
San Jose, California 95113

CERTIFIED MAIL NO. 70071490 000380813540
RETURN RECEIPT REQUESTED

Re: Soil Sampling Plan dated May 27, 2008 and prepared by EE&G Environmental Services, LLC for the Knight Ridder/Miami Herald Property (HWR-602/File-22234) located at, near, or in the vicinity of 1431-1451 North Bayshore Drive and 425 NE 13 Street, Miami, Miami-Dade County, Florida.

Dear Messrs. Marbert and Ridder:

The Department of Environmental Resources Management (DERM) has reviewed the above-referenced document, received May 28, 2008, and offers the following comments:

1. The above-referenced document states that the institutional control for the No Further Action with Conditions elected for this site will include a restriction on the use of the site for commercial/industrial purposes only. As such, DERM does not object to the proposal to conduct surficial soil sampling (0 to 2 feet below land surface) in Area 1 and Area 3 to attempt to demonstrate soil concentrations do not exceed the applicable direct exposure commercial/industrial and/or leachability based on groundwater cleanup target levels (CTLs), thereby eliminating the need for an engineering control in these areas. Be advised that for Area 1, proposed soil sample SB-11 shall be advanced immediately outside of the backfilled area on the northern wall of the former excavation between SS-1 and SS-2. The proposed soil sample SB-12 shall be advanced immediately south of SS-1 and SS-2 (outside of clean backfill). All soil samples shall be analyzed for PAHs.

2. Confirmatory soil samples north of the excavation conducted along the south side of the parking garage are required if you choose to forego the implementation of an engineering control in this area, as several of the soil samples collected along the north side of this excavation exceed the direct exposure commercial CTL at the 0 to 2 foot interval (refer to comment 1 d. of DERM's March 6, 2007 letter). Alternately, the existing parking garage may serve as the engineering control, in which case no further soil sampling in this area would be required.

3. Several surficial, pre-source removal soil samples in Area D exceeded the carcinogenic PAH direct exposure commercial soil CTLs, and confirmatory soil sampling at the appropriate intervals was not conducted. Therefore, additional confirmatory soil sampling will be required in this area if you elect to forego an engineering control.

4. A scaled site map shall be provided that depicts the former and new soil sample locations in reference to the property boundaries, buildings, and all pertinent site features. The

Mr. Marbert and Mr. Ridder
HWR-602/File-22234
July 25, 2008
Page 2 of 2

    concentrations of carcinogenic PAHs in each soil sample, and the depths at which the samples were collected, shall be provided on the site map.

5. DERM does not object to deferment of the submission of the revised draft restrictive covenant until the additional soil sampling has been conducted and/or the area(s) subject to the engineering control have been determined.

Therefore, within sixty (60) days of receipt of this letter, you are hereby required to submit to the DERM for review a Site Assessment Report Addendum and No Further Action with Conditions Proposal addressing the above comments and prepared in accordance with Section 24-44, Code of Miami-Dade County. If an Engineering Control Plan is submitted a $575 review fee must be included with the Plan.

Be advised that DERM has the option to split any samples deemed necessary with the consultant or laboratory at the subject site. The consultant collecting the samples shall perform field sampling work in accordance with the Standard Operating Procedures provided in Chapter 62-160, Florida Administrative Code (FAC), as amended. The laboratory analyzing the samples shall perform laboratory analyses pursuant to the National Environmental Laboratory Accreditation Program (NELAP) certification requirements. If the data submitted exhibits a substantial variance from the DERM split sample analysis, a complete resampling using two independent certified laboratories will be required.

Beth Baughman of DERM shall be notified in writing a minimum of three (3) working days prior to the implementation of any sampling or field activities. Email notifications shall be directed to DERM_PCD@miamidade.gov. Please include the DERM file number on all correspondence.

Be advised that failure to comply with the above may result in enforcement action for this site.

If you have any questions concerning the above, please contact Sandra Rezola of the Environmental Evaluation Program at (305) 372-6700.

Sincerely,

Wilbur Mayorga, P.E., Chief
Pollution Control Division

sr
pc: Craig C. Clevenger, P.G., EE&G, 14506 Commerce Way, Suite 400, Miami Lakes, FL 33016
    Leigh Kellett Fletcher Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Suite 2200,
      Suntrust Financial Center, 401 East Jackson Street, Tampa, FL 33602
    Gordon Yamate, VP/General Counsel, Knight Ridder, 50 W. San Fernando Street, #1500, San
      Jose, CA 95113
    Kerri Barsh, Greenberg Traurig, 1221 Brickell Ave, Miami, FL 33131